IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JULIO ANTONIO DeLEON

                Petitioner,

    vs.                                     No. CIV 02-541 JP/LFG

IMMIGRATION AND
NATURALIZATION SERVICE,

                Respondent.


## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.  This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Julio Antonio DeLeon ("DeLeon") on May 13, 2002.  Respondent Immigration and Naturalization Service ("INS") filed a Response in Opposition and Motion to Dismiss [Doc. 5] on June 3, 2002.

2.  DeLeon is a native and citizen of Guatemala.  On August 23, 1999, he was convicted in the Northern District of Georgia of interstate travel in aid of a racketeering enterprise and was sentenced to a term of 60 months.   At the time he filed his habeas petition, DeLeon was confined in Cibola County, New Mexico.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

3.  On September 2, 1999, the INS served its Notice of Intent to Issue a Final Administrative

Removal Order, notifying DeLeon that he was amenable to expedited administrative removal

proceedings under the Immigration and Naturalization Act, and was deportable under 28 U.S.C. §

1227(a)(2)(A)(iii) following completion of his sentence, because he had been convicted of an

aggravated felony.

4.  In his § 2241 petition, DeLeon claims that he "is subjected to indefinite detention from the

. . . [INS] after he completed his sentence of imprisonment" [Doc. 2 at 5].  The Court takes judicial

notice that DeLeon's petition and memorandum are form documents, used in more than one case

pending before this Court, in which DeLeon has filled in the blanks.  In this form memorandum, he

alleges that his detention violates his rights to substantive and procedural due process, equal

protection, and his Eighth Amendment right to be free from cruel and unusual punishment.  The

arguments contained in the form memorandum are directed toward the constitutionality of indefinite

detention of individuals who have served their sentences and who do not challenge deportation.  He

states:

> Petitioner has been ordered to be deported/removed from the United
> States.  However, the INS policy of detaining indefinite[ly] individuals
> after the completion of their sentences, while formulating
> documentation of removal [as has] been applied in the instant case ...
> violates Petitioner's substantive due process right as a matter of law.

5.  DeLeon asks that the Court order the INS to start the necessary documentation process

at least three months prior to completion of his sentence.  He also states elsewhere in the form

memorandum that he has completed his sentence and is currently being held indefinitely by the INS,

pending deportation.  In his claim for relief, DeLeon asks that the Court order his immediate release

2

from custody, "due to his illegal detention."

6.  DeLeon has not established his entitlement to habeas relief.  The Court cannot ascertain, from his petition or from the material submitted by Respondent, whether DeLeon is still serving his sentence of incarceration.  If he is, the petition must be dismissed as premature since he has directed his petition to the INS but is not yet in INS custody.  Even if DeLeon has been released from his term of imprisonment, the earliest this could have occurred would have been approximately July 13, 2002 [Doc. 5, Ex. 4], and therefore, from the face of the record, DeLeon may still be within the statutory 90-day "removal period" during which the INS may constitutionally detain him.

7.  By statute, the INS is allowed a 90-day "removal period," which begins on the date the alien is released from confinement.  8 U.S.C. § 1231(a)(1)(A), (B)(iii).  The immigration statutes further provide that "[d]uring the removal period, the Attorney General shall detain the alien," 8 U.S.C. § 1231(a)(2), and that the alien may be retained in detention beyond the 90-day period if he fails or refuses to make timely and good faith application for travel documents.  8 U.S.C. § 1231(a)(1)(C).

8.  In addition, an alien such as DeLeon who is removable under 8 U.S.C. § 1227(a)(2) for having committed an aggravated felony "may be detained beyond the removal period."  8 U.S.C. § 1231 (a)(6).  He may also be released pending deportation, but if he is, he will be subject to the "terms of supervision" described in 8 U.S.C. § 1231(a)(3), such terms including periodic appearance before an immigration officer, submission to medical and psychiatric examination, a requirement that he give certain information under oath, and other reasonable restrictions.  8 U.S.C. § 1231 (a)(6).

9.  The Supreme Court recently held, in Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001), that federal courts have habeas jurisdiction under § 2241 to hear constitutional challenges to

post-removal period detention.  The Court in <u>Zadvydas</u> rejected the government's argument that

there is no limit on the length of time an alien may be detained after the removal period; however, it

also rejected the notion that any detention after the 90-day period is *per se* unconstitutional.  Rather,

the Court held that "the habeas court must ask whether the detention in question exceeds a period

reasonably necessary to secure removal," and it interpreted the immigration statute to allow for a

"presumptively reasonable period of detention" of six months beyond the 90-day removal period:

> While an argument can be made for confining any presumption to 90
> days, we doubt that when Congress shortened the removal period to
> 90 days in 1996 it believed that all reasonably foreseeable removals
> could be accomplished in that time.  We do have reason to believe,
> however, that Congress previously doubted the constitutionality of
> detention for more than six months . . . Consequently, for the sake of
> uniform administration in the federal courts, we recognize that period.
> After this 6-month period, once the alien provides good reason to
> believe that there is no significant likelihood of removal in the
> reasonably foreseeable future, the Government must respond with
> evidence sufficient to rebut that showing . . .   This 6-month
> presumption, of course, does not mean that every alien not removed
> must be released after six months.  To the contrary, an alien may be
> held in confinement until it has been determined that there is no
> significant likelihood of removal in the reasonably foreseeable future.

<u>Zadvydas</u>, 533 U.S. at 701.

10.  This Court must follow Supreme Court precedent.  Habeas relief cannot issue on mere

speculation that a petitioner's rights might be violated at some time in the future.   The Court

recommends that this petition be dismissed as premature.  It may well be that DeLeon will already

have been deported when the 90-day-plus-six-month period expires.  If, however, he is still being

detained at that time, he may file a new petition, making the requisite showing that there is "no

significant likelihood of removal in the reasonably foreseeable future," and the Court will then be able

to make a reasoned determination as to whether habeas relief is warranted.

## **Recommended Disposition**

That DeLeon's § 2241 petition [Doc. 1] be denied and his claims be dismissed without prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge